**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2713-24

GALLOWAY APARTMENTS,
LP t/a THE WOODS AT BLUE
HERON PINES BY AND
THROUGH ITS MANAGEMENT
COMPANY DILUCIA
MANAGEMENT CORPORATION,

     Plaintiff-Respondent,

v.

BELINDA D. CHESTER,

     Defendant-Appellant.

_____

Submitted May 27, 2026 – Decided July 31, 2026

Before Judges Chase and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. LT-002120-24.

Belinda D. Chester, self-represented appellant.

Fox Rothschild LLP, attorneys for respondent (Willis F. Flower, of counsel; Christopher Oakley, of counsel and on the brief).

PER CURIAM

This appeal arises from a landlord-tenant matter. Appellant Belinda D. Chester (tenant) appeals from the May 1, 2025 order denying her motion to vacate a warrant of removal and judgment for possession, dismiss the complaint, and grant a stay pending appeal. Based on our review of tenant's arguments in light of the record on appeal, we conclude the issues raised are moot and the appeal should be dismissed.

I.

On July 11, 2024, Galloway Apartments, LP (landlord) filed a complaint for eviction, seeking a judgment of possession for tenant's non-payment of rent of $32,230.40. A three-day trial was held, and on October 21, 2024, the trial court entered a judgment for possession in landlord's favor. Following the resolution of several post-judgment motions tenant filed, on November 21, 2024, landlord filed a request for a warrant of removal (WOR). On December 10, 2024, the court issued the WOR and it was served on tenant on December 12, 2024.

After being served with the WOR, tenant filed various motions and an order to show cause to vacate the WOR, stay the judgment for possession, and for an order for orderly removal. On December 13, 2024, the trial court denied

tenant's request for relief. On the same day, we permitted tenant to file an emergent application seeking a stay of execution of the WOR pending disposition of the emergent motion and entered a temporary stay pending resolution of tenant's emergent motion. On December 20, 2024, we denied her motion for a stay but ordered that the temporary stay entered on December 13 remain in effect until December 23, to allow the parties an opportunity to seek emergent relief from the Supreme Court. The stay was lifted on December 26, 2024, and on the same day, tenant and Robert J. Chester filed for Chapter 7 Bankruptcy.

On April 4, 2025, the United States Bankruptcy Court, District of New Jersey, issued an order of discharge. On May 1, the trial court denied tenant's motion to vacate the WOR, judgment of possession and dismiss the complaint. The court also denied her application for a stay pending appeal. Immediately thereafter, tenant filed the present appeal.

On May 21, 2025, the trial court granted landlord's motion to extend the WOR previously issued through June 30, 2025, and permitted it to be executed on or after May 30, 2025. The WOR was executed on May 30, 2025, and tenant was officially evicted.

A-2713-24

On appeal, tenant contends the trial court erred two ways: (1) in permitting landlord to enforce the purportedly void WOR; and (2) in failing to dismiss the eviction action after receiving and accepting three rental payments after the WOR was served.

## II.

We first address the issue of whether tenant's appeal is moot. "Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010) (citing Jackson v. Dep't of Corr., 335 N.J. Super. 227, 231 (App. Div. 2000)). "Courts normally will not decide issues when a controversy no longer exists, and the disputed issues have become moot." Ibid. (first citing DeVesa v. Dorsey, 134 N.J. 420, 428 (1993) (Pollock, J., concurring); then citing Edelstein v. City of Asbury Park, 12 N.J. Super. 509, 514-15 (App. Div. 1951)). "A case is technically moot when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." Ibid. (quoting DeVesa, 134 N.J. at 428 (Pollock, J., concurring)). However, "an issue is [also] moot when the decision sought in a matter, when rendered, can have no practical effect on

A-2713-24

the existing controversy." <u>Greenfield v. N.J. Dep't of Corr.</u>, 382 N.J. Super. 254, 257-58 (App. Div. 2006) (citation and internal quotation marks omitted).

The trial court issued a valid judgment for possession following a three-day bench trial. Thereafter, the court properly issued and extended the WOR under <u>Rule</u> 6:7-1(d). On May 30, 2025, tenant was lawfully evicted. Tenant acknowledges that this appeal cannot "change the past" but urges us nonetheless to put her back "in as close to the same position as possible." Although it is unclear to us what equitable remedy tenant believes is feasible,[1] assuming arguendo tenant was to succeed in this appeal, it will have no practical effect on her eviction. "Ordinarily, where a tenant no longer resides in the property, an appeal challenging the propriety of an eviction is moot." <u>Sudersan v. Royal</u>, 386 N.J. Super. 246, 251 (App. Div. 2005) (citing <u>Ctr. Ave. Realty, Inc. v. Smith</u>, 264 N.J. Super. 344, 347 (App. Div. 1993)).

Tenant has not demonstrated any residual, adverse legal consequences that she may experience from the eviction proceedings to overcome the appeal's mootness. Moreover, this case does not involve a question of "significant public

---

[1] In an eviction proceeding, "[p]ossession of the premises is the only available remedy [to a landlord] for nonpayment of rent, because money damages may not be awarded in a summary dispossess action." <u>Hodges v. Sasil Corp.</u>, 189 N.J. 210, 221 (2007) (citing <u>Housing Authority of Town of Morristown v. Little</u>, 135 N.J. 274, 280 (1994)).

A-2713-24

importance" likely to recur, thus requiring us to decide the case. <u>Fairkings Partners, LLC v. Daniels</u>, 482 N.J. Super. 520, 533 n.2 (App. Div. 2025) (citing <u>State v. Cassidy</u>, 235 N.J. 482, 491 (2018) (quoting <u>State v. Gartland</u>, 149 N.J. 456, 464 (1997))). Therefore, as a result of tenant's eviction, we are satisfied that her right to return to the premises under the terms of the prior lease and the issues she raises in this appeal are moot.

Dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hartley

Clerk of the Appellate Division

A-2713-24